# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

KENDRA THIBAULT, *in her*                    :
*Capacity as* GUARDIAN of                    :
JHAMAL GONSALVES and                         :
TIA TRIBBLE, *in her Capacity as*            :
GUARDIAN of JHAMAL GONSALVES                 :
                                             :
        v.                                   :          C.A. No. 1:21-CV-00021-WES-LDA
                                             :
HUGH T. CLEMENTS, JR.,                        :
*Individually and in his official capacity*  :
*as Chief of Police of the Providence*       :
*Police Department;*                         :
STEPHEN PARE, *Individually and in his*      :
*official capacity as Commissioner of Public*:
*Safety for the City of Providence;*         :
KYLE ENDRES, *Individually and in his*       :
*Official Capacity as an Officer in the*     :
*Providence Police Department;*              :
BRAD McPARLIN, *Individually and in his*     :
*Official Capacity as an Officer in the*     :
*Providence Police Department;*              :
THE CITY OF PROVIDENCE, *by and*             :
*through its Treasurer,*                     :
JAMES J. LOMBARDI, III; and                  :
OFFICERS JOHN AND JANE                       :
DOES, ALIAS 1-10, *in their Individual*      :
*and Official Capacities*                    :

## **AMENDED COMPLAINT**

### **I. INTRODUCTION**

1.      On October 18, 2020 at approximately 5:50 p.m. Jhamal Gonsalves was operating a moped scooter on Elwood Avenue in the City of Providence, Rhode Island. Mr. Gonsalves was operating his vehicle in a safe manner and using due care.

2.      As Mr. Gonsalves travelled on Elmwood Avenue in the City of Providence, Rhode Island, Officer Kyle Endres of the Providence Police Department followed Mr. Gonsalves with the purpose and intent of stopping and arresting Mr. Gonsalves.

3.      As Mr. Gonsalves approached the intersection of Elmwood Avenue and Bissell Street in said city, Officer Endres broadcast by radio instructions to other police officers

in their vehicles to "box him in" at which time Officer Brad McParlin moved his police cruiser from Bissell Street into and blocking the southbound lane of Elmwood Avenue, thereby blocking Mr. Gonsalves's lane of travel and forcing him to turn onto Bissell Street. Neither Officer McParlin's police cruiser or Officer Endres's police cruiser had activated their lights or sirens.

4. To avoid a collision with the two officers' cruisers, Mr. Gonsalves was forced to turn his vehicle onto Bissell Street thereby causing him to lose control of his moped which went onto the sidewalk and struck a wall, ejecting Mr. Gonsalves from his scooter. At about the same time, Officer Endres, still pursuing Mr. Gonsalves, turned his vehicle in a negligent and reckless manner onto the sidewalk of Bissell Street causing his vehicle to strike a stop sign and Mr. Gonsalves.

5. This is an action for money damages under 42 U.S.C. § 1983, the Fourth, and Fourteenth Amendments to the United States Constitution, and under the common law of the State of Rhode Island, against Providence Police Officer Kyle Endres, Officer Brad McParlin, Police Chief Hugh T. Clements, Jr., Commissioner Stephen Pare and the City of Providence. Jurisdiction is conferred on this Court in 28 U.S.C. §§ 1331 and 1343, and the Court holds supplemental jurisdiction over related state common law claims under 28 U.S.C. § 1367.

6. The plaintiff alleges that the defendants made an unreasonable seizure of Jhamal Gonsalves, used excessive and unsafe force in doing so, and negligently operated their vehicles under state law. It is further alleged that these violations and civil wrongs were committed as a result of deliberate indifference to the need to properly supervise, train, and control the actions of Officer Endres and Officer McParlin through the policies, procedures, practices, and customs of Chief Clements of the Providence Police Department, Commissioner Pare and by the City of Providence.

## II. PARTIES

7.      Plaintiff Kendra Thibault, in her capacity as Guardian of Jhamal Gonsalves (hereinafter "Gonsalves"), is a resident and citizen of Portsmouth, Rhode Island. She is the temporary guardian of Jhamal Gonsalves, who is also a resident and citizen of Portsmouth, Rhode Island.

8.      Plaintiff Tia Tribble, in her capacity as Guardian of Jhamal Gonsalves, is a resident and citizen of Middletown, Rhode Island. She is the temporary guardian of Jhamal Gonsalves.

9.      Defendant Hugh T. Clements, Jr. (hereinafter "Clements"), upon information and belief is the Chief of the Providence Police Department and a resident of Providence, Rhode Island. Clements, who is named in his individual and official capacities, has been at all times relevant to the actions described in this Complaint the Chief of Police employed by the City of Providence, and was the presiding officer over defendants Officer Kyle Endres, Officer Brad McParlin and John and Jane Does, Alias 1-10. Chief Clements was responsible for the hiring, screening, training, supervision, and conduct of Officer Kyle Endres, Officer Brad McParlin and John and Jane Does, Alias 1-10.

10.     Defendant Stephen Paré (hereinafter "Paré"), upon information and belief is the Commissioner of Public Safety for the City of Providence. Paré, who is named in his individual and official capacities, has been at all times relevant to the actions described in this Complaint the Commissioner of Public Safety employed by the City of Providence, and was the superintendent or presiding individual over defendants Officer Kyle Endres, Officer Brad McParlin and John and Jane Does, Alias 1-10. Commissioner Paré was responsible for the hiring, screening, training, supervision, and conduct of Officer Kyle Endres, Officer Brad McParlin and John and Jane Does, Alias 1-10.

11.     Defendant Kyle Endres (hereinafter "Endres"), upon information and belief, is a sworn officer of the Providence Police Department and a citizen of the state of Rhode Island. He is sued, herein, in his individual and official capacity.

12. Defendant Brad McParlin (hereinafter "McParlin"), upon information and belief is a sworn officer of the Providence Police Department and a citizen of the state of Rhode Island. He is sued, herein, in his individual and official capacities.

13. Defendant City of Providence is a municipal corporation existing under the laws of the State of Rhode Island, and James j. Lombardi, III (hereinafter "Lombardi") is the City Treasurer.

14. Defendants John and Jane Does, Alias 1-10, upon information and belief were, at all relevant times, sworn officers of the Providence Police Department and residents of Providence, and citizens of the State of Rhode Island. They are sued, herein, in their individual and official capacities. Defendants John and Jane Does, Alias's 1-10 identities are not currently known, but they are sued herein and a motion to amend will be brought upon identification to substitute those persons for the fictitious names.

15. At all relevant times, defendants Clements, Paré, Lombardi, Endres, McParlin and John and Jane Does, Alias 1-10 were acting under color of state law and within the scope of their employment and were in compliance with the actual customs, policies, practices and procedures of the Providence Police Department.

## III. JURISDICTION

16. The Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1343(a)(3)-(4), and 1367 and 42 U.S.C. § 1983, 1988 and 28 U.S.C. §§ 2201, 2202.

17. Venue in this District is proper under 28 U.S.C. § 1391(b)(2), as the events, omissions, and actions giving rise to the plaintiff's claims occurred in the District of Rhode Island.

## IV. FACTS

18. On October 18, 2020, Jhamal Gonsalves was driving a moped on Elmwood Avenue in the City of Providence, Rhode Island.

4

19.     Gonsalves was driving in a southerly direction on Elmwood Avenue, toward an intersection with Park Avenue and was driving by himself, had no passengers, and was not within any block of traffic or group of vehicles.

20.     Gonsalves was traveling within the speed limit, operating his vehicle safely, and had done nothing to warrant pursuit or arrest and was operating his vehicle with due care.

21.     As Gonsalves traveled toward Park Avenue, he was pursued by defendant Endres, who was in a Providence police cruiser. Defendant Endres did not activate his cruiser's lights or siren.

22.     A second Providence Police Department cruiser operated by defendant McParlin was waiting at the intersection on Bissell Street. At this time, defendant Endres broadcast by radio, "block him in."

23.     As Gonsalves approached the intersection, the cruiser operated by defendant McParlin pulled forward into the intersection and stopped, blocking travel on Elmwood Avenue. Defendant McParlin did not activate his cruiser's lights or sirens.

24.     Gonsalves, in an attempt to avoid striking defendant McParlin's cruiser, was forced to veer onto Bissell Street.

25.     As Gonsalves turned, defendant Endres continued to pursue Gonsalves's vehicle.

26.     To avoid a collision with the two officers' cruisers, Gonsalves was forced to turn his vehicle onto Bissell Street thereby resulting in him losing control of his moped which went onto the sidewalk and struck a wall, ejecting Mr. Gonsalves from his scooter. At about the same time, Officer Endres, still pursuing Mr. Gonsalves, turned his vehicle in a negligent and reckless manner onto the sidewalk of Bissell Street causing his vehicle to strike a stop sign and Mr. Gonsalves.

27.     As a result of being struck by the cruiser and stop sign, Gonsalves was rendered unconscious and suffered severe and permanent injuries.

28.     Although Gonsalves posed no immediate threat to himself or others, defendants Endres and McParlin from the Providence Police Department responded with

excessive force and physical brutality. The egregious exertion of force and power discussed herein constitutes a breach of Gonsalves's civil rights, including, but not limited to, those rights afforded him under state and federal law.

29.    The events leading up to and including the injury to Gonsalves was without legal authority and in violation of his constitutional rights, including his right to be secure in his person, his right to be free from the use of unreasonable force and his right to equal protection and due process of law. All of the above behavior by these defendant police officers is shocking to the conscience because such behavior was an unwarranted exertion of force.

30.    The acts and/or omissions of the City of Providence as set forth herein amount to negligent, reckless and egregious conduct, which is the proximate cause of Gonsalves's multiple surgeries, hospitalizations and rehabilitative treatment he has and will have to undergo and the incredible emotional distress he has endured. Gonsalves has also incurred medical bills, pain and suffering and lost wages, and will continue to incurred future medical bills, pain and suffering and lost wages.

31.    As a direct and proximate result of the events described herein, Gonsalves was transported to Rhode Island Hospital where he was treated for neurological and other injuries.

32.    Mr. Gonsalves has endured multiple surgeries, hospitalizations, rehabilitative treatment and had endured severe emotional distress.

33.    Mr. Gonsalves has suffered from loss of the ability to communicate and ambulate due to neurological injures, as well as injuries which render him unable to continue with his activities of daily living. Indeed, the injuries he received as a result of the defendants' conduct are severe and permanent.

## V. NOTICE OF CLAIM

34.     Prior to institution of the within action against the City of Providence, plaintiff complied with R.I.G.L. § 45-15-5 and more than forty (40) days have elapsed since plaintiff made presentment of his claim to the City of Providence without receiving just and due compensation from the said town.

### VI. COUNT I
### 42 U.S.C. § 1983
### FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS
### AGAINST DEFENDANTS
### ENDRES AND MCPARLIN

35.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 34 as if incorporated and reiterated herein.

36.     At all times relevant herein, defendants Endres and McParlin were acting under color of law by exercising power made possible because the defendants were clothed with the authority of law.

37.     The actions of defendants Endres and McParlin in detaining Gonsalves and in the use of force violated Gonsalves's rights under the Fourth and Fourteenth Amendments to the United States Constitution and displayed both deliberate indifference to and a reckless disregard of Gonsalves's constitutional rights.

38.     The actions of defendants Endres and McParlin in injuring Gonsalves, were neither necessary nor just, constitute unreasonable force in the seizure of Gonsalves's person and, thus, deprived Gonsalves of his rights under the Fourth and Fourteen Amendments to the United States Constitution.

39.     Plaintiff Gonsalves claims damages for the injuries set forth above in accordance with 42 U.S.C. § 1983 against defendants Endres and McParlin for the violation of his constitutional rights by action taken under color of law.

40.     As a direct and proximate result of the actions by defendants Endres and McParlin, Gonsalves has endured physical pain and suffering and incredible emotional distress;

moreover, Gonsalves has incurred medical bills, lost wages, and will continue to incur future medical bills, pain and suffering, and lost wages.

41.     Defendants Endres's and McParlin's unlawful seizure of Gonsalves and use of force was not reasonable and was unsupported by probable cause, in derogation of rights secured to the plaintiff by the Fourth and Fourteenth Amendments to the United States Constitution.

42.     Plaintiff has no adequate remedy at law to redress the irreparable harm which defendants have caused and continue to cause him.

WHEREFORE, plaintiff Jhamal Gonsalves prays this Honorable Court:

a.      Award plaintiff all reasonable compensatory damages, including for lost income, medical bills, mental anguish and emotional distress, and any other compensatory damages, for each count alleged in the Complaint;

b.      Award plaintiff punitive damages against all defendants individually for each count alleged in the Complaint;

c.      Award plaintiff reasonable attorneys' fees, expert fees and court costs in accordance with 42 U.S.C. §1988 for the prosecution of his 42 U.S.C. §1983 claims;

d.      Award plaintiff legal interest and costs, plus prejudgment and post-judgment interest; and

e.      Award such other and further relief as this Honorable Court deems right and just.

### VII. COUNT II
### 42 U.S.C. § 1983
### EXCESSIVE FORCE
### AGAINST DEFENDANTS
### ENDRES AND MCPARLIN

43.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 42 as if incorporated and reiterated herein.

44. At all times relevant herein, defendants Endres and McParlin were acting under color of law by exercising power made possible because the defendants were clothed with the authority of law.

45. Defendants Endres and McParlin used unlawful and unreasonably excessive force in stopping and seizing Gonsalves, in violation of Gonsalves's rights under the Fourth and Fourteenth Amendments to the United States Constitution. Defendants Endres's and McParlin's actions displayed both deliberate indifference and a reckless disregard of Gonsalves's constitutional rights.

46. Defendant Endres's and McParlin's excessive force was neither necessary nor just, constituted unreasonable force in the unjustified seizure of Gonsalves's person and, thus, deprived Gonsalves of his rights under the Fourth and Fourteen Amendments to the United States Constitution.

47. Plaintiff Gonsalves claims damages for the injuries set forth above in accordance with 42 U.S.C. § 1983 against defendants Endres and McParlin for violation of his constitutional rights under color of law.

48. As a direct and proximate result of the actions by defendants Endres and McParlin, Gonsalves has endured physical pain and suffering and incredible emotional distress; moreover, Gonsalves has incurred medical bills, lost wages, and will continue to incur future medical bills, pain and suffering, and lost wages.

49. Plaintiff has no adequate remedy at law to redress the irreparable harm which defendants have caused and continue to cause him.

WHEREFORE, plaintiff Jhamal Gonsalves prays this Honorable Court:

a.   Award plaintiff all reasonable compensatory damages, including for lost income, medical bills, mental anguish and emotional distress, and any other compensatory damages, for each count alleged in the Complaint;

b.   Award plaintiff punitive damages against all defendants for each count alleged in the Complaint;

c.   Award plaintiff reasonable attorneys' fees, expert fees and court costs in accordance with 42 U.S.C. § 1988 for the prosecution of his 42 U.S.C. § 1983 claims;

d.   Award plaintiff legal interest and costs, plus prejudgment and post-judgment interest; and

e.   Award such other and further relief as this Honorable Court deems right and just.

## VIII. COUNT III
## NEGLIGENCE
## AGAINST DEFENDANTS
## ENDRES AND MCPARLIN

50.   Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 49 as if incorporated and reiterated herein.

51.   On October 18, 2020, defendants Endres and McParlin were operating vehicles owned by the City of Providence, did so unreasonably and unsafely, and as a consequence thereof struck and injured Gonsalves.

52.   Plaintiff Gonsalves was at all times in the exercise of due care and caution.

53.   At all times relevant hereto, defendants Endres and McParlin were operating the motor vehicles owned by defendant City of Providence with the City's full knowledge and consent.

10

54. Defendant City of Providence, as owner of the motor vehicles being operated by defendants Endres and McParlin, is liable to plaintiff Gonsalves pursuant to R.I.G.L. 31-33-6.

55. As a direct and proximate result of the actions by defendants Endres and McParlin, Gonsalves has endured physical pain and suffering and incredible emotional distress; moreover, Gonsalves has incurred medical bills, lost wages, and will continue to incur future medical bills, pain and suffering, and lost wages.

56. Plaintiff has no adequate remedy at law to redress the irreparable harm which defendants have caused and continue to cause him.

WHEREFORE, plaintiff Jhamal Gonsalves prays this Honorable Court:

a. Award plaintiff all reasonable compensatory damages, including for lost income, medical bills, mental anguish and emotional distress, and any other compensatory damages, for each count alleged in the Complaint;

b. Award plaintiff punitive damages against all defendants for each count alleged in the Complaint;

c. Award plaintiff reasonable attorneys' fees and court costs pursuant to federal and state law;

d. Award plaintiff legal interest and costs, plus prejudgment interest pursuant to R.I. Gen. Law §9-21-10; and

e. Award such other and further relief as this Honorable Court deems right and just.

**IX. COUNT IV**
**GROSS NEGLIGENCE/RECKLESS CONDUCT**
**AGAINST ENDRES, McPARLIN, CITY OF PROVIDENCE**

57.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 56 as if incorporated and reiterated herein.

58.    On October 18, 2020, defendants Endres and McParlin were operating vehicles owned by the City of Providence,

59.    The defendants operated their vehicles in a manner that was extremely and grossly negligent, and their conduct was in conscious disregard of a plain and known risk to the life and safety of Gonsalves. As a consequence of the defendants' grossly negligent and reckless conduct, they injured Gonsalves.

60.    Plaintiff Gonsalves was at all times in the exercise of due care and caution.

61.    At all times relevant hereto, defendants Endres and McParlin were operating the motor vehicles owned by defendant City of Providence with the City's full knowledge and consent.

62.    Defendant City of Providence, as owner of the motor vehicles being operated by defendant John and Jane Does Alias 1-20, is liable to Gonsalves pursuant to R.I.G.L. 31-33-6.

63.    As a direct and proximate result of the actions by defendants Endres and McParlin, Gonsalves has endured physical pain and suffering and incredible emotional distress; moreover, Gonsalves has incurred medical bills, lost wages, and will continue to incur future medical bills, pain and suffering, and lost wages.

64.    Plaintiff has no adequate remedy at law to redress the irreparable harm which defendants have caused and continue to cause him.

WHEREFORE, plaintiff Jhamal Gonsalves prays this Honorable Court:

a.    Award plaintiff all reasonable compensatory damages, including for lost income, medical bills, mental anguish and emotional distress, and any other compensatory damages, for each count alleged in the Complaint;

b.    Award plaintiff punitive damages against all defendants for each count alleged in the Complaint;

c.    Award plaintiff reasonable attorneys' fees and court costs pursuant to federal and state law;

d.    Award plaintiff legal interest and costs, plus prejudgment interest pursuant to R.I. Gen. Law §9-21-10; and

e.    Award such other and further relief as this Honorable Court deems right and just.

## X. COUNT V
## ASSAULT
## AGAINST DEFENDANTS
## ENDRES AND McPARLIN

65.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 64 as if incorporated and reiterated herein.

66.    Defendants Endres and McParlin, by virtue of their actions, caused Endres's motor vehicle, directly or indirectly, to strike Gonsalves, causing Gonsalves to suffer apprehension of an immediate harmful contact.

67.    The defendants' negligent, reckless, and egregious conduct indicates a flagrant disregard for Gonsalves's safety.

68.    As a direct and proximate result of the actions by defendants Endres and McParlin, Gonsalves has endured physical pain and suffering and incredible emotional distress;

moreover, Gonsalves has incurred medical bills, lost wages, and will continue to incur future medical bills, pain and suffering, and lost wages.

69. Plaintiff has no adequate remedy at law to redress the irreparable harm which defendants have caused and continue to cause him.

WHEREFORE, plaintiff Jhamal Gonsalves prays this Honorable Court:

a. Award plaintiff all reasonable compensatory damages, including for lost income, medical bills, mental anguish and emotional distress, and any other compensatory damages, for each count alleged in the Complaint;

b. Award plaintiff punitive damages against all defendants for each count alleged in the Complaint;

c. Award plaintiff reasonable attorneys' fees and court costs pursuant to federal and state law;

d. Award plaintiff legal interest and costs, plus prejudgment interest pursuant to R.I. Gen. Law §9-21-10; and

e. Award such other and further relief as this Honorable Court deems right and just.

### XI. COUNT VI
### BATTERY
### AGAINST DEFENDANTS
### ENDRES AND McPARLIN

70. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 69 as if incorporated and reiterated herein.

71. Defendants Endres and McParlin, by virtue of their actions, caused Endres's motor vehicle, directly or indirectly, to strike Gonsalves, causing Gonsalves to suffer apprehension of an immediate harmful contact. The acts of the defendants Endres

and McParlin in causing the Endres's vehicle to strike Gonsalves were done without Gonsalves's consent.

72. The defendants' negligent, reckless, and egregious conduct indicates a flagrant disregard for Gonsalves's safety.

73. As a direct and proximate result of the actions by defendants Endres and McParlin, Gonsalves has endured physical pain and suffering and incredible emotional distress; moreover, Gonsalves has incurred medical bills, lost wages, and will continue to incur future medical bills, pain and suffering, and lost wages.

74. Plaintiff has no adequate remedy at law to redress the irreparable harm which defendants have caused and continue to cause him.

WHEREFORE, plaintiff Jhamal Gonsalves prays this Honorable Court:

a.  Award plaintiff all reasonable compensatory damages, including for lost income, medical bills, mental anguish and emotional distress, and any other compensatory damages, for each count alleged in the Complaint;

b.  Award plaintiff punitive damages against all defendants for each count alleged in the Complaint;

c.  Award plaintiff reasonable attorneys' fees and court costs pursuant to federal and state law;

d.  Award plaintiff legal interest and costs, plus prejudgment interest pursuant to R.I. Gen. Law §9-21-10; and

e.  Award such other and further relief as this Honorable Court deems right and just.

## XII. COUNT VII
## FALSE IMPRISONMENT
## AGAINST DEFENDANTS
## ENDRES AND McPARLIN

75.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 74 as if incorporated and reiterated herein.

76.     Defendants Endres and McParlin brandished lethal force, while cloaked with the authority of the Providence Police Department, and ruthlessly pursued Gonsalves without a reasonable basis for doing so.

77.     Defendants lacked a reasonable basis for apprehending Gonsalves and, thus, the defendants' ruthless pursuit of Gonsalves was an unfounded assertion of authority.

78.     The defendants' course of action was to blindside Gonsalves with their force and appearance of authority because the defendants knew and/or intended that this strategy should impede Gonsalves's liberty of movement; the defendants' conduct resulted in an intentional, unconsented, and unlawful restraint of Gonsalves's physical liberty.

79.     As a direct and proximate result of the actions by defendants Endres and McParlin, Gonsalves has endured physical pain and suffering and incredible emotional distress; moreover, Gonsalves has incurred medical bills, lost wages, and will continue to incur future medical bills, pain and suffering, and lost wages.

80.     Plaintiff has no adequate remedy at law to redress the irreparable harm which defendants have caused and continue to cause him.

WHEREFORE, plaintiff Jhamal Gonsalves prays this Honorable Court:

a.      Award plaintiff all reasonable compensatory damages, including for lost income, medical bills, mental anguish and emotional distress, and any other compensatory damages, for each count alleged in the Complaint;

b.      Award plaintiff punitive damages against all defendants for each count alleged in the Complaint;

c.      Award plaintiff reasonable attorneys' fees and court costs pursuant to federal and state law;

d.      Award plaintiff legal interest and costs, plus prejudgment interest pursuant to R.I. Gen. Law §9-21-10; and

e.      Award such other and further relief as this Honorable Court deems right and just.

### XIII. COUNT VIII
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### AGAINST DEFENDANTS
### ENRES AND McPARLIN

81.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 80 as if incorporated and reiterated herein.

82.    The defendants' conduct of pursuing and ultimately resulting in striking Gonsalves's moped and severely injuring him exposes an intentional and/or reckless disregard of the probability of causing Gonsalves emotional distress.

83.    The conduct was extreme and outrageous.

84.    There is a causal connection between defendants' conduct and the emotional distress suffered by Gonsalves.

85.    As a direct result of the intentional infliction of emotional distress by the defendants, Gonsalves has suffered serious mental anguish.

86.    The actions of defendants Endres and McParlin in pursuing and striking Gonsalves's moped and severely injuring him caused Gonsalves to suffer irreparable harm.

87.     As a direct and proximate result of the actions by defendants Endres and McParlin, Gonsalves has endured physical pain and suffering and incredible emotional distress; moreover, Gonsalves has incurred medical bills, lost wages, and will continue to incur future medical bills, pain and suffering, and lost wages.

88.     Plaintiff has no adequate remedy at law to redress the irreparable harm which defendants have caused and continue to cause him.

WHEREFORE, plaintiff Jhamal Gonsalves prays this Honorable Court:

a.      Award plaintiff all reasonable compensatory damages, including for lost income, medical bills, mental anguish and emotional distress, and any other compensatory damages, for each count alleged in the Complaint;

b.      Award plaintiff punitive damages against all defendants for each count alleged in the Complaint;

c.      Award plaintiff reasonable attorneys' fees and court costs pursuant to federal and state law;

d.      Award plaintiff legal interest and costs, plus prejudgment interest pursuant to R.I. Gen. Law §9-21-10; and

e.      Award such other and further relief as this Honorable Court deems right and just.

## XIV. COUNT IX
### 42 U.S.C. § 1983
### FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS
### AGAINST DEFENDANTS
### JOHN AND JANE DOES, ALIAS 1-10

89.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 88 as if incorporated and reiterated herein.

18

90.     At all times relevant herein, defendants John and Jane Does, Alias 1-10 were acting under color of law by exercising power made possible because the defendants were clothed with the authority of law.

91.     The actions of defendants John and Jane Does, Alias 1-10 in detaining Gonsalves and in the use of force violated Gonsalves's rights under the Fourth and Fourteenth Amendments to the United States Constitution and displayed both deliberate indifference to and a reckless disregard of Gonsalves's constitutional rights.

92.     The actions of defendants John and Jane Does, Alias 1-10 in injuring Gonsalves, were neither necessary nor just, constitute unreasonable force in the seizure of Gonsalves's person and, thus, deprived Gonsalves of his rights under the Fourth and Fourteen Amendments to the United States Constitution.

93.     Plaintiff Gonsalves claims damages for the injuries set forth above in accordance with 42 U.S.C. § 1983 against defendants John and Jane Does, Alias 1-10 for the violation of his constitutional rights by action taken under color of law.

94.     As a direct and proximate result of the actions by defendants John and Jane Does, Alias 1-10, Gonsalves has endured physical pain and suffering and incredible emotional distress; moreover, Gonsalves has incurred medical bills, lost wages, and will continue to incur future medical bills, pain and suffering, and lost wages.

95.     Defendants' unlawful seizure of Gonsalves and use of force was not reasonable and was unsupported by probable cause, in derogation of rights secured to the plaintiff by the Fourth and Fourteenth Amendments to the United States Constitution.

96.     Plaintiff has no adequate remedy at law to redress the irreparable harm which defendants have caused and continue to cause him.

WHEREFORE, plaintiff Jhamal Gonsalves prays this Honorable Court:

a.      Award plaintiff all reasonable compensatory damages, including for lost income, medical bills, mental anguish and emotional distress, and any other compensatory damages, for each count alleged in the Complaint;

b.      Award plaintiff punitive damages against all defendants individually for each count alleged in the Complaint;

c.      Award plaintiff reasonable attorneys' fees, expert fees and court costs in accordance with 42 U.S.C. §1988 for the prosecution of his 42 U.S.C. §1983 claims;

d.      Award plaintiff legal interest and costs, plus prejudgment and post-judgment interest; and

e.      Award such other and further relief as this Honorable Court deems right and just.

### XV. COUNT X
### 42 U.S.C. § 1983
### EXCESSIVE FORCE
### AGAINST DEFENDANTS
### JOHN AND JANE DOES, ALIAS 1-10

97.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 96 as if incorporated and reiterated herein.

98.     At all times relevant herein, defendants John and Jane Does, Alias 1-10 were acting under color of law by exercising power made possible because the defendants were clothed with the authority of law.

99.     Defendants John and Jane Does, Alias 1-10 used unlawful and unreasonably excessive force in stopping and seizing Gonsalves, in violation of Gonsalves's rights under the Fourth and Fourteenth Amendments to the United States Constitution. Defendants Endres's and McParlin's actions displayed both deliberate indifference and a reckless disregard of Gonsalves's constitutional rights.

100.    Defendants' excessive force was neither necessary nor just, constituted unreasonable force in the unjustified seizure of Gonsalves's person and, thus, deprived Gonsalves

of his rights under the Fourth and Fourteen Amendments to the United States Constitution.

101.   Plaintiff Gonsalves claims damages for the injuries set forth above in accordance with 42 U.S.C. § 1983 against defendants John and Jane Does, Alias 1-10 for violation of his constitutional rights under color of law.

102.   As a direct and proximate result of the actions by defendants John and Jane Does, Alias 1-10, Gonsalves has endured physical pain and suffering and incredible emotional distress; moreover, Gonsalves has incurred medical bills, lost wages, and will continue to incur future medical bills, pain and suffering, and lost wages.

103.   Plaintiff has no adequate remedy at law to redress the irreparable harm which defendants have caused and continue to cause him.

WHEREFORE, plaintiff Jhamal Gonsalves prays this Honorable Court:

a.   Award plaintiff all reasonable compensatory damages, including for lost income, medical bills, mental anguish and emotional distress, and any other compensatory damages, for each count alleged in the Complaint;

b.   Award plaintiff punitive damages against all defendants for each count alleged in the Complaint;

c.   Award plaintiff reasonable attorneys' fees, expert fees and court costs in accordance with 42 U.S.C. § 1988 for the prosecution of his 42 U.S.C. § 1983 claims;

d.   Award plaintiff legal interest and costs, plus prejudgment and post-judgment interest; and

e.   Award such other and further relief as this Honorable Court deems right and just.

### XVI. COUNT XI
### NEGLIGENCE
### AGAINST DEFENDANTS
### JOHN AND JANE DOES, ALIAS 1-10

104. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 103 as if incorporated and reiterated herein.

105. On October 18, 2020, defendants John and Jane Does, Alias 1-10 were operating vehicles owned by the City of Providence, did so unreasonably and unsafely, and as a consequence thereof struck and injured Gonsalves.

106. Plaintiff Gonsalves was at all times in the exercise of due care and caution.

107. At all times relevant hereto, defendants John and Jane Does, Alias 1-10 were operating the motor vehicles owned by defendant City of Providence with the City's full knowledge and consent.

108. Defendant City of Providence, as owner of the motor vehicles being operated by defendants John and Jane Does, Alias 1-10, is liable to plaintiff Gonsalves pursuant to R.I.G.L. 31-33-6.

109. As a direct and proximate result of the actions by defendants John and Jane Does, Alias 1-10, Gonsalves has endured physical pain and suffering and incredible emotional distress; moreover, Gonsalves has incurred medical bills, lost wages, and will continue to incur future medical bills, pain and suffering, and lost wages.

110. Plaintiff has no adequate remedy at law to redress the irreparable harm which defendants have caused and continue to cause him.

WHEREFORE, plaintiff Jhamal Gonsalves prays this Honorable Court:

a. Award plaintiff all reasonable compensatory damages, including for lost income, medical bills, mental anguish and emotional distress, and any other compensatory damages, for each count alleged in the Complaint;

b.      Award plaintiff punitive damages against all defendants for each count alleged in the Complaint;

c.      Award plaintiff reasonable attorneys' fees and court costs pursuant to federal and state law;

d.      Award plaintiff legal interest and costs, plus prejudgment interest pursuant to R.I. Gen. Law §9-21-10; and

e.      Award such other and further relief as this Honorable Court deems right and just.

**XVII. COUNT XII**
**GROSS NEGLIGENCE/RECKLESS CONDUCT**
**AGAINST JOHN AND JANE DOES, ALIAS 1-10,**
**AND CITY OF PROVIDENCE**

111.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 110 as if incorporated and reiterated herein.

112.    On October 18, 2020, defendants John and Jane Does, Alias 1-10 were operating vehicles owned by the City of Providence,

113.    The defendants operated their vehicles in a manner that was extremely and grossly negligent, and their conduct was in conscious disregard of a plain and known risk to the life and safety of Gonsalves. As a consequence of the defendants' grossly negligent and reckless conduct, they injured Gonsalves.

114.    Plaintiff Gonsalves was at all times in the exercise of due care and caution.

115.    At all times relevant hereto, defendants John and Jane Does, Alias 1-10 were operating the motor vehicles owned by defendant City of Providence with the City's full knowledge and consent.

116. Defendant City of Providence, as owner of the motor vehicles being operated by defendant John and Jane Does Alias 1-20, is liable to Gonsalves pursuant to R.I.G.L. 31-33-6.

117. As a direct and proximate result of the actions by defendants John and Jane Does, Alias 1-10, Gonsalves has endured physical pain and suffering and incredible emotional distress; moreover, Gonsalves has incurred medical bills, lost wages, and will continue to incur future medical bills, pain and suffering, and lost wages.

118. Plaintiff has no adequate remedy at law to redress the irreparable harm which defendants have caused and continue to cause him.

WHEREFORE, plaintiff Jhamal Gonsalves prays this Honorable Court:

a. Award plaintiff all reasonable compensatory damages, including for lost income, medical bills, mental anguish and emotional distress, and any other compensatory damages, for each count alleged in the Complaint;

b. Award plaintiff punitive damages against all defendants for each count alleged in the Complaint;

c. Award plaintiff reasonable attorneys' fees and court costs pursuant to federal and state law;

d. Award plaintiff legal interest and costs, plus prejudgment interest pursuant to R.I. Gen. Law §9-21-10; and

e. Award such other and further relief as this Honorable Court deems right and just.

### XVIII. COUNT XIII
### ASSAULT
### AGAINST DEFENDANTS
### JOHN AND JANE DOES, ALIAS 1-10

119.  Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 118 as if incorporated and reiterated herein.

120.  Defendants John and Jane Does, Alias 1-10, by virtue of their actions, caused their motor vehicle, directly or indirectly, to strike Gonsalves, causing Gonsalves to suffer apprehension of an immediate harmful contact.

121.  The defendants' negligent, reckless, and egregious conduct indicates a flagrant disregard for Gonsalves's safety.

122.  As a direct and proximate result of the actions by defendants John and Jane Does, Alias 1-10, Gonsalves has endured physical pain and suffering and incredible emotional distress; moreover, Gonsalves has incurred medical bills, lost wages, and will continue to incur future medical bills, pain and suffering, and lost wages.

123.  Plaintiff has no adequate remedy at law to redress the irreparable harm which defendants have caused and continue to cause him.

WHEREFORE, plaintiff Jhamal Gonsalves prays this Honorable Court:

a.  Award plaintiff all reasonable compensatory damages, including for lost income, medical bills, mental anguish and emotional distress, and any other compensatory damages, for each count alleged in the Complaint;

b.  Award plaintiff punitive damages against all defendants for each count alleged in the Complaint;

c.  Award plaintiff reasonable attorneys' fees and court costs pursuant to federal and state law;

      d.      Award plaintiff legal interest and costs, plus prejudgment interest pursuant to R.I. Gen. Law §9-21-10; and

      e.      Award such other and further relief as this Honorable Court deems right and just.

## XIX. COUNT XIV
## BATTERY
## AGAINST DEFENDANTS
## JOHN AND JANE DOES, ALIAS 1-10

124.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 123 as if incorporated and reiterated herein.

125.    Defendants John and Jane Does, Alias 1-10, by virtue of their actions, caused their motor vehicle, directly or indirectly, to strike Gonsalves, causing Gonsalves to suffer apprehension of an immediate harmful contact. The acts of the defendants John and Jane Does, Alias 1-10 in causing the Endres's vehicle to strike Gonsalves were done without Gonsalves's consent.

126.    The defendants' negligent, reckless, and egregious conduct indicates a flagrant disregard for Gonsalves's safety.

127.    As a direct and proximate result of the actions by defendants John and Jane Does, Alias 1-10, Gonsalves has endured physical pain and suffering and incredible emotional distress; moreover, Gonsalves has incurred medical bills, lost wages, and will continue to incur future medical bills, pain and suffering, and lost wages.

128.    Plaintiff has no adequate remedy at law to redress the irreparable harm which defendants have caused and continue to cause him.

WHEREFORE, plaintiff Jhamal Gonsalves prays this Honorable Court:

a.    Award plaintiff all reasonable compensatory damages, including for lost income, medical bills, mental anguish and emotional distress, and any other compensatory damages, for each count alleged in the Complaint;

b.    Award plaintiff punitive damages against all defendants for each count alleged in the Complaint;

c.    Award plaintiff reasonable attorneys' fees and court costs pursuant to federal and state law;

d.    Award plaintiff legal interest and costs, plus prejudgment interest pursuant to R.I. Gen. Law §9-21-10; and

e.    Award such other and further relief as this Honorable Court deems right and just.

## XX. COUNT XV
## FALSE IMPRISONMENT
## AGAINST DEFENDANTS
## JOHN AND JANE DOES, ALIAS 1-10

129.   Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 128 as if incorporated and reiterated herein.

130.   Defendants John and Jane Does, Alias 1-10 brandished lethal force, while cloaked with the authority of the Providence Police Department, and ruthlessly pursued Gonsalves without a reasonable basis for doing so.

131.   Defendants lacked a reasonable basis for apprehending Gonsalves and, thus, the defendants' ruthless pursuit of Gonsalves was an unfounded assertion of authority.

132.   The defendants' course of action was to blindside Gonsalves with their force and appearance of authority because the defendants knew and/or intended that this strategy should impede Gonsalves's liberty of movement; the defendants' conduct

resulted in an intentional, unconsented, and unlawful restraint of Gonsalves's physical liberty.

133.   As a direct and proximate result of the actions by defendants John and Jane Does, Alias 1-10, Gonsalves has endured physical pain and suffering and incredible emotional distress; moreover, Gonsalves has incurred medical bills, lost wages, and will continue to incur future medical bills, pain and suffering, and lost wages.

134.   Plaintiff has no adequate remedy at law to redress the irreparable harm which defendants have caused and continue to cause him.

WHEREFORE, plaintiff Jhamal Gonsalves prays this Honorable Court:

a.   Award plaintiff all reasonable compensatory damages, including for lost income, medical bills, mental anguish and emotional distress, and any other compensatory damages, for each count alleged in the Complaint;

b.   Award plaintiff punitive damages against all defendants for each count alleged in the Complaint;

c.   Award plaintiff reasonable attorneys' fees and court costs pursuant to federal and state law;

d.   Award plaintiff legal interest and costs, plus prejudgment interest pursuant to R.I. Gen. Law §9-21-10; and

e.   Award such other and further relief as this Honorable Court deems right and just.

## XXI. COUNT XVI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AGAINST DEFENDANTS
## JOHN AND JANE DOES, ALIAS 1-10

135.   Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 134 as if incorporated and reiterated herein.

136.   The defendants' conduct of pursuing and ultimately resulting in striking Gonsalves's moped and severely injuring him exposes an intentional and/or reckless disregard of the probability of causing Gonsalves emotional distress.

137.   The conduct was extreme and outrageous.

138.   There is a causal connection between defendants' conduct and the emotional distress suffered by Gonsalves.

139.   As a direct result of the intentional infliction of emotional distress by the defendants, Gonsalves has suffered serious mental anguish.

140.   The actions of defendants John and Jane Does, Alias 1-10 in pursuing and striking Gonsalves's moped and severely injuring him caused Gonsalves to suffer irreparable harm.

141.   As a direct and proximate result of the actions by defendants John and Jane Does, Alias 1-10, Gonsalves has endured physical pain and suffering and incredible emotional distress; moreover, Gonsalves has incurred medical bills, lost wages, and will continue to incur future medical bills, pain and suffering, and lost wages.

142.   Plaintiff has no adequate remedy at law to redress the irreparable harm which defendants have caused and continue to cause him.

WHEREFORE, plaintiff Jhamal Gonsalves prays this Honorable Court:

a.  Award plaintiff all reasonable compensatory damages, including for lost income, medical bills, mental anguish and emotional distress, and any other compensatory damages, for each count alleged in the Complaint;

b.  Award plaintiff punitive damages against all defendants for each count alleged in the Complaint;

c.  Award plaintiff reasonable attorneys' fees and court costs pursuant to federal and state law;

d.  Award plaintiff legal interest and costs, plus prejudgment interest pursuant to R.I. Gen. Law §9-21-10; and

e.  Award such other and further relief as this Honorable Court deems right and just.

## XXII. COUNT XVII
## 42 U.S.C. §1983
## SUPERVISORY LIABILITY
## AGAINST DEFENDANTS CLEMENTS AND PARÉ

143.  Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 142 as if incorporated and reiterated herein.

144.  At all times relevant herein, defendants Endres and McParlin were acting under color of law by exercising power made possible because the defendants were clothed with the authority of law.

145.  By reason of the foregoing, defendants Clements and Paré, supervisory personnel of defendant Officers Endres and McParlin, acted with reckless disregard and deliberate indifference in hiring, screening and training of defendant Officers Endres and McParlin.

146.  The failure of defendants Clements and Paré to provide adequate training, education and discipline of defendants Endres and McParlin has resulted in the denial of

Gonsalves's rights, protected by the Fourth and Fourteenth Amendments to the United States Constitution.

147.    As a direct and proximate result of the actions by defendants Clements and Paré, Gonsalves has endured physical pain and suffering and incredible emotional distress; moreover, Gonsalves has incurred medical bills, lost wages, and will continue to incur future medical bills, pain and suffering, and lost wages.

148.    Plaintiff has no adequate remedy at law to redress the irreparable harm which defendants have caused and continue to cause him.

WHEREFORE, plaintiff Jhamal Gonsalves prays this Honorable Court:

a.     Award plaintiff all reasonable compensatory damages, including for lost income, medical bills, mental anguish and emotional distress, and any other compensatory damages, for each count alleged in the Complaint;

b.     Award plaintiff punitive damages against all defendants for each count alleged in the Complaint;

c.     Award plaintiff reasonable attorneys' fees and court costs pursuant to federal and state law;

d.     Award plaintiff legal interest and costs, plus prejudgment interest pursuant to R.I. Gen. Law §9-21-10; and

e.     Award such other and further relief as this Honorable Court deems right and just.

### XXIII. COUNT XVIII
### 42 U.S.C. 1983 AGAINST
### AGAINST CITY OF PROVIDENCE

149.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 148 as if incorporated and reiterated herein.

150.   Defendant City of Providence developed and maintained customs, policies, and/or practices exhibiting deliberate indifference to the constitutional rights of its citizens, which caused the violations of Gonsalves's rights.

151.   It was the custom, policy, and/or practice of the City of Providence to provide no training or grossly inadequate training to its police officers regarding the following: their duties, responsibilities and conduct towards citizens; use of force; vehicular pursuit of individuals; tactics for approaching and otherwise de-escalating situations with the citizens so as to avoid the victimization and wrongful injury of citizens by police officers and the safe operation of police vehicles.

152.   It was the policy and/or custom or practice of the City of Providence to conduct grossly inadequate screening in the hiring of its police officers regarding the officers' propensities for violence, abuse of authority and bias towards citizens.

153.   It was the policy and/or custom or practice of the City of Providence to provide grossly inadequate supervision, discipline, and remediation to officers.

154.   The City of Providence has been deliberately indifferent in training, supervising and disciplining officers regarding their duties, responsibilities and conduct towards citizens; use of force; preventing abuse of authority; and, tactics for approaching and otherwise de-escalating situations with the citizens, so as to avoid the victimization of citizens.

155.   The City of Providence has been deliberately indifferent in screening and hiring officers, who demonstrate their propensities for violence, abuse of authority and bias towards citizens.

156.   As a direct and proximate result of the foregoing acts, omissions, systemic deficiencies, and deliberate indifference on the part of the City of Providence, Gonsalves was deprived of his constitutional rights and injured.

157.   The above-described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of Providence to the constitutional rights of persons within the Town, and were the cause of the violations of Gonsalves's rights alleged herein.

158.   As a direct and proximate result of the actions by defendants Clements and Paré, Gonsalves has endured physical pain and suffering and incredible emotional distress; moreover, Gonsalves has incurred medical bills, lost wages, and will continue to incur future medical bills, pain and suffering, and lost wages.

159.   Plaintiff has no adequate remedy at law to redress the irreparable harm which defendants have caused and continue to cause him.

WHEREFORE, the plaintiff Jhamal Gonsalves requests that this Court:

a.   Award plaintiff all reasonable compensatory damages, including for lost income, medical bills, mental anguish and emotional distress, and any other compensatory damages, for each count alleged in the Complaint;

b.   Award plaintiff punitive damages against all defendants for each count alleged in the Complaint;

c.   Award plaintiff reasonable attorneys' fees and court costs pursuant to federal and state law;

d.   Award plaintiff legal interest and costs, plus prejudgment interest pursuant to R.I. Gen. Law §9-21-10; and

e.   Award such other and further relief as this Honorable Court deems right and just.

33

## XXIV. COUNT XIX
## VICARIOUS LIABILITY
## AGAINST CITY OF PROVIDENCE

160.    Paragraphs 1 through 159 and Counts I through XVI are hereby incorporated by reference as if fully set forth fully at length herein.

161.    Defendants Endres and McParlin were employees, agents and/or servants of defendant City of Providence and were acting within the scope of their employment at all times relevant hereto.

162.    Defendants John and Jane Does, Alias, 1-10 were employees, agents and/or servants of defendant City of Providence and were acting within the scope of their employment at all times relevant hereto.

163.    Defendant City of Providence was at all relevant times vicariously responsible for the acts of its employees, agents and/or servants, including, but not limited to, the acts of defendants Endres, McParlin and John and Jane Does, Alias 1-10.

164.    As a direct and proximate result of the actions by defendants Endres, McParlin, John and Jane Does, Alias 1-10, and the City of Providence, Gonsalves has endured physical pain and suffering and incredible emotional distress; moreover, Gonsalves has incurred medical bills, lost wages, and will continue to incur future medical bills, pain and suffering, and lost wages.

165.    Plaintiff has no adequate remedy at law to redress the irreparable harm which defendants have caused and continue to cause him.

WHEREFORE, plaintiff Jhamal Gonsalves prays this Honorable Court:

a.      Award plaintiff all reasonable compensatory damages, including for lost income, medical bills, mental anguish and emotional distress, and any other compensatory damages, for each count alleged in the Complaint;

b.      Award plaintiff punitive damages against all defendants for each count alleged

in the Complaint;

c.      Award plaintiff reasonable attorneys' fees and court costs pursuant to federal

and state law;

d.      Award plaintiff legal interest and costs, plus prejudgment interest pursuant to

R.I. Gen. Law §9-21-10; and

e.      Award such other and further relief as this Honorable Court deems right and

just.

Plaintiff,
By his attorney,


/s/ Amato A. DeLuca
Amato A. DeLuca (#0531)
**DeLUCA & ASSOCIATES, LTD.**
199 North Main Street
Providence, RI 02903
401-453-1500
401-453-1501 Fax
bud@delucaandassociates.com


/s/ Jude E. Kerrison
Jude E. Kerrison (#xxxx)
Karns & Kerrison
850 Aquidneck Avenue
Unit A9
Middletown, RI 02842
Tel: (401) 270-0023
Fax: (401) 270-0689
jude@karnslaw.com


**DATED: JANUARY 25, 2021**

**PLAINTIFF DEMANDS A TRIAL BY JURY**
**AND DESIGNATES AMATO A. DELUCA AS TRIAL ATTORNEY**